Theresia FRAZEE; Larry Frazee; Lisa Novotny; Louis Novotny, Plaintiffs–Appellants,

v.

INTERNAL REVENUE SERVICE; Richard Duke, Special Agent, I.R.S., Defendants–Appellees.

No. 91–6034.

United States Court of Appeals, Tenth Circuit.

Oct. 22, 1991.

John Estes of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, Okl., for plaintiffs-appellants.

Timothy D. Leonard, U.S. Atty. and Mary M. Smith, Asst. U.S. Atty., Oklahoma City, Okl., for defendants-appellees.

Before ANDERSON, BARRETT, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Theresia and Larry Frazee and their children, Lisa and Louis Novotny (the Frazees), appeal from a district court order declining to exercise equitable jurisdiction under Fed.R.Crim.P. 41(e) to hear the Frazees' motion for return of illegally seized property. The issue is whether the district court abused its discretion in declining to exercise its equitable jurisdiction on the ground that the Frazees had an adequate remedy at law in a judicial forfeiture action. We conclude the district court did not abuse its discretion. Accordingly, we affirm the district court's order.

Theresia and Larry Frazee are presidents of two Oklahoma Spina Bifida Association (OSBA) chapters that operate three bingo establishments in Oklahoma. The OSBA is licensed by the State of Oklahoma to conduct bingo games.

Special IRS Agent Richard Duke investigated the Frazees' bingo operations for illegal gambling. Based on his affidavits, a magistrate judge issued search warrants, and the United States government seized property including four vehicles,[1] the Frazees' residence, and two bank accounts. Appellant's App. at 53.

On September 13, 1990, the Frazees moved the district court, pursuant to Fed. R.Crim.P. 41(e), for return of the property, claiming it was illegally seized. A hearing was held on the Rule 41(e) motion on November 27, 1990. At that time, Appellees represented that a Judicial Forfeiture Complaint relating to the same property had been filed on November 19, 1990, warrants for arrest of the property had been issued November 20, 1990, and Notice of Service of the Complaint had been mailed November 21, 1990. Appellant's App. at 140. The district court declined to exercise its equitable jurisdiction on the ground that the judicial forfeiture action provided the Frazees with an adequate remedy at law and it dismissed the Rule 41(e) motion. Appellant's App. at 132–33.

Federal R.Crim.P. 41(e) provides in part:

(e) Motion for Return of Property. A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion.

Whether to grant jurisdiction over a Rule 41(e) motion is governed by equitable principles. *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir.1988). "Rule 41(e) jurisdiction should be exercised with caution and restraint. A Rule 41(e) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury." *Id.* (citations omitted). Our standard of review is whether the district court abused its discretion in retaining or declining jurisdiction. *See id.* at 1007.

The Frazees contend that *Floyd* held a forfeiture under Title 19 is not an adequate remedy at law. In *Floyd*, the claimant of seized property filed a Rule 41(e) motion for its return. The government argued that he had an adequate remedy at law in a claim and cost bond under 19 U.S.C. § 1608, and in a petition for remission or

---

**1.** Lisa and Louis Novotny each claim a property interest in a seized vehicle. Appellant's App. at 6.

mitigation of the forfeiture pursuant to 19 U.S.C. § 1618.[2] The court concluded that a petition for remission or mitigation of a forfeiture under 19 U.S.C. § 1618 was not an adequate remedy at law because the Secretary of the Treasury's discretion to grant such a petition is equitable in nature and because one court[3] held the legality of a seizure could not be tested in a § 1618 procedure. *Id.* at 1004. This is the holding of *Floyd* to which the Frazees referred. It has no application to the case at bar, however, because no one has filed a petition under § 1618.

*Floyd* also concluded that the claimant did not have an adequate remedy under 19 U.S.C. § 1608 because an administrative proceeding had not been properly commenced at the time of the hearing on the Rule 41(e) motion. *Id.* at 1004.[4] However, the *Floyd* court noted that a district court would have discretion to dismiss a Rule 41(e) motion where an administrative forfeiture is promptly commenced as in *In re Harper*, 835 F.2d 1273 (8th Cir.1988). *Id.* at 1008.

In *Harper*, the government commenced an administrative forfeiture after the claimant had filed a Rule 41(e) motion. The claimant failed to file a claim and cost bond within twenty days of publication of the first notice, and the forfeiture was completed before the Rule 41(e) hearing. The *Harper* court concluded that the claimant should not be permitted to pursue an equitable remedy after he failed to challenge the forfeiture. *Id.* at 1274.

Unlike the claimant in *Floyd*, but like the claimant in *Harper*, the Frazees had a remedy available to challenge the seizure at the time of the Rule 41(e) hearing. That remedy is adequate because the legality of a seizure may be tested in a judicial forfeiture. *Floyd*, 860 F.2d at 1004. We do not find persuasive the Frazees' contention that the judicial forfeiture proceeding is an inadequate remedy because the court extended the deadlines in that proceeding.

We conclude that the district court acted within its discretion in dismissing the Frazees' Rule 41(e) motion. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

---

**2.** Two other remedies were addressed but are not relevant to this appeal.

**3.** *Wiren v. Eide*, 542 F.2d 757, 761 (9th Cir. 1976).

**4.** The relevant statutes provide that an administrative forfeiture is commenced by publication of a notice of seizure and intent to forfeit property. 19 U.S.C. § 1607. A claimant has twenty days after the first publication of notice to file a claim and cost bond. 19 U.S.C. § 1608. If no such filing occurs, the property is administratively forfeited at the end of twenty days. 19 U.S.C. § 1609. A timely filing of a claim and cost bond stops the administrative forfeiture, 21 C.F.R. § 1316.76(b), and the matter is then transferred to the United States Attorney to institute judicial forfeiture proceedings. 21 C.F.R. § 1316.78. *See Floyd*, 860 F.2d at 1004.