United States Court of Appeals,

Fifth Circuit.

Nos. 91-7392, 92-1402.

INDUSTRIAS CARDOEN, LTDA., n/k/a Metalnor, Inc., and Antuco, Inc., Petitioners-Appellants,

v.

UNITED STATES of America, Respondent-Appellee.

Feb. 15, 1993.

Appeals from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

PER CURIAM:

Appellants, Industrias Cardoen, Ltda., and Antuco, Inc. (Industrias) appeal orders of the district court denying injunctive relief requiring the government to return appellants' helicopter. We find no error and affirm.

I.

In March 1991, the government seized appellants' Bell Model 206L helicopter, pursuant to a search warrant. In July 1991, Industrias filed an emergency motion for return of that helicopter pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. A few days later the district director for the U.S. Customs Service initiated an administrative forfeiture action against the helicopter under 19 U.S.C.A. § 1595a(c) (West Supp.1992), 22 U.S.C.A. § 401 (West 1990), and 49 U.S.C.A.App. 1472(b)(3) (West Supp.1992). The Customs Service initiated this forfeiture action after finding a number of irregularities in the registration and importation of the helicopter and after determining that Industrias intended to export the helicopter for a military, rather than a civilian purpose.

The district court referred Industrias's Rule 41(e) motion for return of its helicopter to a magistrate judge for hearing. The magistrate judge issued a recommendation stating "that petitioners have established that they have no adequate remedy at law and that they are suffering irreparable injury from the government's retention of the helicopter which is the subject matter of this motion."

The magistrate judge recommended that the district court grant appellants' motion for the return of the helicopter conditioned upon the posting of an adequate bond. The magistrate judge recommended, however, that this order be stayed for a period of thirty days so that the government would have an opportunity to initiate judicial forfeiture proceedings, thereby furnishing appellants with a legal forum for resolution of their claims. The magistrate judge concluded by recommending that appellants' motion for equitable relief be denied if the government began a forfeiture proceeding within the thirty-day period. The district court adopted the magistrate judge's recommendation and provided that "if such forfeiture proceedings are instituted within the thirty-day period, the petitioner's motion for equitable relief will be denied."

The district court's order did not fall on deaf ears. On November 20, 1991, the government instituted a forfeiture complaint in the district court. The district court then noted the filing of the forfeiture action and closed the case. Industrias filed a notice of appeal from that order. Later in January 1992, the government sought and obtained a protective order in the forfeiture proceedings seeking a stay of all discovery for 120 days so that appellants' discovery would not jeopardize a pending, related criminal investigation. Because appellants expected continued delay in obtaining relief in the forfeiture proceedings, they filed a motion under Fed.R.Civ.P. 60(b)(6) to reopen the Rule 41(e) proceedings for return of the helicopter. In April 1992, the district court denied appellants' Rule 60(b)(6) motion. Appellants filed an additional notice of appeal from that order.

II.

Appellants argue on appeal that once the district court found that they suffered irreparable harm from the continued deprivation of their helicopter, they were entitled to a Rule 41(e) order directing the government to return the helicopter. They argue that the court abused its discretion in failing to exercise its equitable jurisdiction to provide them this injunctive relief.

Appellants' argument hinges on a fundamental misunderstanding of Rule 41(e). Rule 41(e) of the Federal Rules of Criminal Procedure allows a property owner to seek return of his property

which has been seized by the government.[1]  But Rule 41(e) does not *require* the district court to order the government to return the property.  Actions seeking the return of property are governed by equitable principles whether based on Rule 41(e) or on the general equitable jurisdiction of the federal court.  *Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir.1975).  "Whether to exercise that jurisdiction in a given case is subject to the sound discretion of the district court."  *Id.*

Irreparable harm is only one of several factors the court should consider when deciding whether to exercise its discretion to return property under Rule 41(e).  Another factor a court may consider is whether the petitioner has an adequate remedy at law for the redress of the petitioner's grievance.  *Richey,* 515 F.2d at 1243-44;  *Hunsucker v. Phinney,* 497 F.2d 29, 34-35 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975).  The district court found that once the government instituted forfeiture proceedings, those proceedings provided appellants with an adequate remedy at law for the redress of their grievance.

Appellants argue, though, that the forfeiture proceedings do not provide them with an adequate remedy at law.  In *Frazee v. IRS,* 947 F.2d 448 (10th Cir.1991), the Tenth Circuit addressed this issue.  In that case the court concluded that the district court acted within its discretion in declining to exercise its equitable jurisdiction and dismissing the Rule 41(e) motion.  The court reasoned that the court could determine in the pending judicial forfeiture action the legality of the seizure and that the forfeiture proceeding provided an adequate remedy at law.  *Id.* at 450.  Also, the court rejected the property owner's contention that the judicial forfeiture was an inadequate remedy simply because the district court extended deadlines in that proceeding.  *Id.*

We reach the same conclusion in this case.  The district court did not abuse its discretion in concluding that the judicial forfeiture proceeding provided appellants with an adequate remedy to

---

[1] A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.  The court shall receive evidence on any issue of fact necessary to the decision of the motion.  If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings.

Fed.R.Crim.P. 41(e).

demonstrate that they are entitled to the return of the helicopter. The district court, therefore, did not err in denying appellants equitable relief under Rule 41(e).

We also conclude that the district court did not abuse its discretion in denying appellants' Rule 60(b)(6) motion to reopen the Rule 41(e) proceedings. Although the court has granted a stay in the judicial forfeiture action, the stay remains within the discretion of the court. Appellants will have an opportunity to ask the court to lift the stay if the government takes an inordinate period of time to complete its criminal investigation. The court will then be able to balance the government's need for a stay against the factors supporting return of the helicopter to appellants. In any event, our review of a denial of a Rule 60(b)(6) motion is narrower in scope than the review of the underlying order. Thus, having denied appellants' requested relief from the original order denying the return of the helicopter under Rule 41(e), we also deny the Rule 60(b)(6) motion seeking the same relief.

AFFIRMED.