7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George ROEBUCK, Plaintiff-Appellant,
v.
CITY OF YOUNGSTOWN; the City of Youngstown Police
Department; John Doe, 1 & 2, Defendants-Appellees.
 No. 93-3389.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 N.D. Ohio, No. 92-02540; Lambros, C.J.
 N.D.Ohio
 AFFIRMED.
 Before: MERRITT, Chief Judge; NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 George Roebuck, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, Roebuck sued the City of Youngstown, Ohio, the Youngstown Police Department, and two unidentified Youngstown police officers alleging that on May 5, 1990, the defendants deprived him of his right to enter a friend's residence to retrieve his property. Roebuck filed his complaint on November 27, 1992.
 
 
 3
 Defendants moved to dismiss the complaint which Roebuck opposed. The district court dismissed the complaint as being barred by Ohio's two year statute of limitations. Roebuck then filed a motion for reconsideration under Fed.R.Civ.P. 60(b) more than ten days after the entry of the underlying judgment, contending that the complaint was not timely due to excusable neglect. The motion was subsequently denied.
 
 
 4
 In his timely appeal from the underlying judgment, Roebuck essentially argues that: 1) the district court should not have dismissed the complaint based on Ohio's statute of limitations; 2) his complaint should have been decided on its merits; and 3) the district court erroneously denied his motion for reconsideration. He requests oral argument.
 
 
 5
 Initially, we note that this appeal may only be construed as being brought from the district court's underlying judgment dismissing plaintiff's complaint, as his post-judgment motion for reconsideration was not filed and served within ten days after the entry of the judgment; hence, it did not serve to toll the appeal time. See Peake v. First Nat'l Bank and Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir.1983). A separate appeal would also have to be filed in order for this court to exercise jurisdiction over the district court's order denying plaintiff's Rule 60(b) motion. See, e.g., Industrias Cardoen, Ltda. v. United States, 983 F.2d 49, 51-52 (5th Cir.1993) (per curiam).
 
 
 6
 Upon review of the underlying judgment, we affirm the district court's judgment because it appears beyond doubt that Roebuck can present no set of facts to support a claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Roebuck's complaint is clearly time-barred by Ohio's two year statute of limitations. See Thomas v. Shipka, 872 F.2d 772, 772-73 (6th Cir.1989); Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc).
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.