UNITED STATES of America, Plaintiff,

v.

Erenio C. PEREZ, a/k/a Pedro M. Gonzales, Maria Aragon, a/k/a Maria Avila, Erasmo G. Perez, a/k/a Arasmo G. Perez, Defendants.

Civ. A. No. 95–CR–19–S.

United States District Court,
D. Colorado.

Oct. 12, 1995.

Guy Till, Asst. U.S. Atty., for Plaintiff.

Dennis W. Hartley, Colorado Springs, CO, David C. Japha, Peter Bornstein, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the court on Defendant Erasmo Perez' Motion to Dismiss for Double Jeopardy, filed May 16, 1995. The court has reviewed the motion, the Government's response, the offers of proof and arguments made by counsel at the hearing held August 16th and 17th, 1995, and the applicable law and is fully advised in the premises.

The Defendant argues that this prosecution is barred by the Double Jeopardy Clause because of an administrative forfeiture proceeding that resulted in the forfeiture of $1,791.50 in cash belonging to the Defendant. On or about March 27, 1995, the Defendant wrote a letter to the Drug Enforcement Administration contesting the seizure and forfeiture of $1,791.50 in currency.[1] On April 3,

---

1. Forfeiture proceedings arising out of drug of-

fenses are governed by the same statutory provi-

1995, the Drug Enforcement Administration responded to the Defendant's letter and afforded the Defendant twenty additional days from the date of receipt of the letter to clarify the nature of his request by submitting a claim and cost bond or thirty additional days from the date of receipt of the letter to submit a petition for remission and/or mitigation of forfeiture. On or about June 5, 1995, the Defendant submitted his clarified claim of ownership, his affidavit to proceed *in forma pauperis* in lieu of cost bond, and his statement of intent to contest the forfeiture in the U.S. District Court. However, because his claim was filed approximately forty days beyond the extension of time he had been given, his claim was rejected and the forfeiture proceeded pursuant to 19 U.S.C. § 1609. The Defendant argues that this criminal prosecution following the administrative forfeiture proceeding subjects him to multiple punishments for the same offense, in violation of the Double Jeopardy Clause.

■ The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution provides three-pronged protection against: (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense.[2] *Witte v. United States*, —— U.S. ——, ——, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351 (1995); *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *United States v. McDermott*, 64 F.3d 1448, 1454–55 (10th Cir.1995) (citations omitted); *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir.1995) (citation omitted); *United*

*States v. Rogers*, 960 F.2d 1501, 1506 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992) (citation omitted). Where, however, there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended. *Schiro v. Farley*, 114 S.Ct. 783, 789, *reh'g. denied,* —— U.S. ——, 114 S.Ct. 1341, 127 L.Ed.2d 688 (1994).

■ At its most fundamental level, the Double Jeopardy Clause protects an accused from being forced to defend against repeated attempts to exact one or more punishments for the same offense. *United States v. $405,-089.23 U.S. Currency*, 33 F.3d 1210, 1215 (9th Cir.1994), *opinion amended on denial of reh'g,* 56 F.3d 41 (9th Cir.1995) (citations omitted). A monetary penalty can be considered punitive for purposes of applying the Double Jeopardy Clause. *Montana Department of Revenue v. Kurth Ranch,* —— U.S. ——, —— n. 1, 114 S.Ct. 1937, 1941 n. 1, 128 L.Ed.2d 767 (1994).

To determine whether this prosecution violates the Double Jeopardy Clause of the Fifth Amendment, the court must consider certain questions: (1) whether the administrative forfeiture and the criminal prosecution are "separate proceedings;" (2) whether the administrative forfeiture constituted "punishment" for double jeopardy purposes; and (3) whether the administrative forfeiture and this criminal prosecution are punishment "for the same offense." *United States v. Ursery*, 59 F.3d 568, 571 (6th Cir.), *petition for cert. filed* 64 U.S.L.W. 3161 (1995); *Hal-*

---

sions, 19 U.S.C. § 1595 *et seq.*, as apply to customs forfeitures. 21 U.S.C. § 881(d); *Floyd v. United States*, 860 F.2d 999, 1003 n. 4 (10th Cir.1988).

The relevant statutes provide for two potential stages in a forfeiture situation: first, an administrative process allowing for summary forfeiture, and second, a judicial forfeiture proceeding. A claimant may invoke 19 U.S.C. § 1608 to end the administrative forfeiture and force the institution of judicial proceedings. The legality of a seizure may be tested in the judicial forfeiture. *Floyd*, 860 F.2d at 1003–04.

The process works as follows: if the value of a seized article does not exceed $100,000, the appropriate customs officer is required to publish for three successive weeks a notice of seizure and

intent to forfeit the property. 19 U.S.C. § 1607. After the first publication of notice, a claimant has twenty days to file a claim and cost bond. 19 U.S.C. § 1608. If no such filing occurs, the property is administratively forfeited at the end of twenty days. 19 U.S.C. § 1609. A timely filing, however, stops the administrative forfeiture, 21 C.F.R. § 1316.76(b), and the matter is then transferred to the appropriate United States attorney for the institution of judicial forfeiture proceedings. 21 C.F.R. § 1316.78. *Frazee v. Internal Revenue Service*, 947 F.2d 448, 450 n. 4 (10th Cir.1991), citing *Floyd*, 860 F.2d at 1004.

2. The double jeopardy clause reads:

"...; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; ..." U.S. Const. amend. V.

*per,* 490 U.S. at 441, 109 S.Ct. at 1897–98, *$405,089.23 U.S. Currency,* 33 F.3d at 1216. If the answer to all of these questions is "yes," then the Government's actions constitute a successive attempt to impose punishment in violation of the Double Jeopardy Clause. *$405,089.23 U.S. Currency,* 33 F.3d at 1216.

■ First, the court has little difficulty in determining that this criminal prosecution constitutes a separate proceeding from the administrative proceeding which resulted in the forfeiture of the Defendant's $1,791.50 in cash. The two proceedings, one administrative, one criminal, brought separately in different forums, one concluded and one still pending, presided over by different officials, are separate proceedings.

■ Second, the court must determine whether the administrative forfeiture obtained against the Defendant constitutes punishment. The determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. *Halper,* 490 U.S. at 448, 109 S.Ct. at 1901–02. Unless the civil sanction was intended as punishment, so that the proceeding is essentially criminal in nature, the Double Jeopardy Clause is not applicable. *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 364, 104 S.Ct. 1099, 1105–06, 79 L.Ed.2d 361 (1984), citing *Helvering v. Mitchell,* 303 U.S. 391, 398–99, 58 S.Ct. 630, 632–33, 82 L.Ed. 917 (1938). A civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment. *Halper,* 490 U.S. at 448, 109 S.Ct. at 1901–02, citing *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963).

The Ninth Circuit, interpreting *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (civil forfeitures of automobiles and real property under 21 U.S.C. §§ 881(a)(4) and (a)(7) are subject to the limitations of the Excessive Fines Clause of the Eighth Amendment), has concluded that civil forfeiture under 21 U.S.C. § 881(a)(6) is punishment. *$405,089.23 U.S. Currency,* 33 F.3d at 1219; *but see United States v. $405,089.23 U.S. Currency,* 56 F.3d 41, 42–43 (dissent from order rejecting suggestion for rehearing en banc). The Fifth Circuit has rejected a blanket rule that civil forfeiture always constitutes punishment. Rather, forfeiture of proceeds is punishment only if the amount of the proceeds forfeited is so great that it bears no rational relation to the costs incurred by the government and society from the defendant's conduct. *United States v. Tilley,* 18 F.3d 295, 298–99 (5th Cir.), *reh'g. denied* 22 F.3d 1096 (5th Cir.), *cert. denied* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994). The court reasoned that proceeds will always be proportional to the quantity of drugs sold. *Id.* at 300.

■ Like the forfeiture of illegal drug proceeds in *Tilley,* 18 F.3d at 299, the forfeiture of Defendant Perez' illegal proceeds serves wholly remedial purposes. The forfeiture of illegal proceeds does not punish the Defendant because it exacts no price in liberty or lawfully derived property from him. *Tilley,* 18 F.3d at 300. The owner of proceeds from illegal drug sales has no reasonable expectation that the law will protect his continued possession of such proceeds. *Id.* The forfeiture of illegal proceeds merely places the Defendant in the lawfully protected financial status quo that he enjoyed prior to his illegal activities. *Id.* This is not punishment "'within the plain meaning of the word.'" *Id.,* quoting *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. Similarly, in the securities fraud context, disgorgement merely deprives the defendant of wrongfully obtained proceeds, returning the wrongdoer to the status quo before any wrongdoing occurred, while punishment alters the status quo before the unlawful activity took place. *SEC v. Lorin,* 869 F.Supp. 1117, 1122 (S.D.N.Y.1994). Disgorgement serves as a remedial, and not as a punitive, measure. *Lorin,* 869 F.Supp. at 1123–24, citing *SEC v. Bilzerian,* 29 F.3d 689, 696 (D.C.Cir.1994).

■ Third, the test to be applied to determine whether the criminal prosecution is "for the same offense" as the administrative forfeiture is whether each proceeding re-

quires proof of an additional fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The critical question is whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution. *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1093). The *Blockburger* test was temporarily modified by *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), in which the Court established a "same conduct" test. *Grady* was expressly overruled in *Dixon* and the Court returned to the analysis directed in *Blockburger.* *Dixon,* —— U.S. at ——, 113 S.Ct. at 2860.

 The forfeiture of Defendant Perez's currency was obtained pursuant to 19 U.S.C. § 1609. Section 1609 permits summary forfeiture in the absence of a claim having been filed for the property. No action on the part of the U.S. Attorney is necessary. An uncontested administrative forfeiture occurs automatically without a hearing after the required notice is given and twenty days pass. *United States v. McDermott,* 64 F.3d at 1455 n. 8. In contrast, the government must prove beyond a reasonable doubt the factual elements of each count in the Indictment brought against the Defendant. The elements of the counts charged in the Indictment and the forfeiture statutes are not the same.

■ Finally, the Defendant filed his claim of ownership and statement of Intent to contest the forfeiture too late to make him a party to the forfeiture proceeding. There is no risk of double jeopardy without a former jeopardy and as a nonparty, the Defendant was not at risk in the forfeiture proceeding. *United States v. Ruth,* 65 F.3d 599, 604–05 (7th Cir. (Ind.)), quoting *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.), *cert. denied* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). The Defendant's failure to become a party to the administrative forfeiture bars him from prevailing on a double jeopardy claim.

Because the administrative forfeiture of illegal drug proceeds was not punishment, because the administrative forfeiture and this criminal prosecution are not punishment "for the same offense," and because the Defendant was not a party to the administrative forfeiture, there is no threat of either multiple punishment or successive prosecutions and the Double Jeopardy Clause is neither applicable nor offended in this case. *Schiro v. Farley,* —— U.S. at ——, 114 S.Ct. at 789; *One Assortment of 89 Firearms,* 465 U.S. at 364, 104 S.Ct. at 1105–06 (citation omitted). Accordingly,

IT IS ORDERED that Defendant Erasmo Perez' Motion to Dismiss for Double Jeopardy is DENIED.