**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAVIER ORTIZ,

Defendant-Appellant.

Nos. 96-6138
&
96-6155
(D.C. No. CR-94-115-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In appeal No. 96-6138, defendant appeals the district court's denial of his motion for return of property. In appeal No. 96-6155, defendant appeals the district court's denial of his request to proceed in forma pauperis on appeal and the court's denial of his request for appointment of counsel on appeal. At defendant's request, we consolidated these two appeals by order of May 21, 1996.

As part of its investigation into the murder of defendant's wife at Fort Sill Military Reservation, agents of the Army Criminal Investigation Division searched defendant's dwelling and seized various items of personal property, which they subsequently turned over to the FBI. After the criminal proceedings against defendant terminated, his attorney contacted the FBI about retrieving the seized property, and the FBI turned over a number of seized items to the attorney.

Defendant, however, believed that the FBI had not returned all the items that had been seized, and further believed that several of the returned items had been damaged. He, therefore, filed the present motion for return of property pursuant to Fed. R. Crim. P. 41(e), seeking a return of the additional items and damages for any items lost or damaged. The government responded with affidavits establishing that it had returned to defendant all the items it had in its possession, with the exception of a Cameron University Security shirt which, after conversations with the head of university security, the FBI had returned to university security. In its order denying relief, the district court determined that

the shirt in question belonged to the university, and that the government had otherwise returned to defendant all the property it had in its possession. The court further held that, to the extent defendant might have a claim for damages against the government, it was in the nature of a tort claim, over which the court declined to exercise its equitable jurisdiction.

When, as here, there are no criminal proceedings pending against a defendant who has filed a motion for return of property under Rule 41(e), we and other courts have "construe[d] the motion as an independent civil action based on equitable principles." United States v. Madden, 95 F.3d 38, 40 (10th Cir. 1996). Keeping in mind that "Rule 41(e) jurisdiction should be exercised with caution and restraint," Floyd v. United States, 860 F.2d 999, 1003 (10th Cir. 1988), we review for an abuse of discretion the district court's decision to retain or decline jurisdiction over a Rule 41(e) motion, see Frazee v. Internal Revenue Serv., 947 F.2d 448, 449 (10th Cir. 1991).

Based upon our review of the record, the parties' briefs, and the pertinent law, we conclude that the district court properly denied defendant's motion for return of property to the extent that it sought the return of property that either was no longer, or had never been, in the possession of the government. We further conclude that the court did not abuse its discretion in declining to exercise its

equitable jurisdiction over defendant's motion to the extent that it sought damages against the government.

Defendant also appeals the district court's denial of appointed counsel for appeal. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). We conclude that the district court did not abuse its discretion in denying appointed counsel for this appeal. Finally, defendant appeals the district court's denial of his request to proceed in forma pauperis on appeal. By order entered December 11, 1996, this court granted defendant leave to proceed in forma pauperis on appeal. Therefore, defendant's appeal of the district court's denial of this relief is moot.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. To the extent it challenges the district court's denial of defendant's request for leave to proceed in forma pauperis on appeal, appeal No. 96-6155 is DISMISSED as moot.

The mandates shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge