In re **FBI SEIZURE OF CASH AND OTHER PROPERTY FROM** Edwin W. **EDWARDS.**

Civil Action No. 97–1629.

United States District Court, E.D. Louisiana.

June 12, 1997.

Steven J. Irwin, Peter G. Strasser, U.S. Attorney's Office, New Orleans, LA, for U.S.

Michael Seth Fawer, Smith, Jones & Fawer, L.L.P., Covington, LA, for Edwin W. Edwards.

Lewis O. Unglesby, Unglesby & Koch, Baton Rouge, LA, Timothy Allison Meche, New Orleans, LA, for Stephen Edwards.

1. The following two cases have been consolidated by the Court for administrative purposes: In re: FBI Seizure of Property from Edwin Edwards, C.A. No. 97–1629 and In re: FBI Seizure of Property from Stephen Edwards. Both cases assert the same grounds for jurisdiction and involve the same basic facts.

## Order and Reasons

FALLON, District Judge.

Before the Court is the government's motion to dismiss the above captioned matters.[1] On June 2, 1997, the Court conducted a hearing in this action at which time it was determined that this Court had jurisdiction to hear this matter and that venue was proper in this district. At that hearing the government made an oral motion to dismiss both cases on the grounds that an administrative forfeiture had been instituted thus mooting the pending equitable action. The Court has received briefs on the issue and holds as follows.

### Background

On April 26, 1997, United States District Judge John Parker of the Middle District of Louisiana issued warrants for the search of Edwin W. Edwards' home, Stephen Edwards' residence and a safety deposit box used by both men along with the seizure of certain items more specifically enumerated in the search warrants.[2] Subsequently on April 28 & 29, 1997, the homes of both men and the safety deposit box were searched by the Federal Bureau of Investigations (FBI). At that time, $58,981 were seized from Edwin Edwards' residence and $383,500 from a safety deposit box located in a bank in Baton Rouge(for a total of $442,481). Additionally, a number of personal items were seized from Stephen Edwards along with $26,500 in cash. The government does not dispute that Edwin and Stephen Edwards are the owners of the cash and property in their custody.

Currently, a Grand Jury criminal investigation is being held in this district which appears to center around the movants in this action. Additionally, all of the materials seized, including the monies described above, are presently located in this district and are being used in the Grand Jury investigation

2. These search warrants along with the evidence upon which the probable cause to issue the warrants was based are currently under seal by the order of Judge Parker.

described above. Moreover, it would appear from the administrative forfeiture documents delivered to the court by the government that any forfeiture proceedings concerning the cash in question will be held in this district.

On May 20 & 21, 1997, the movants filed in this Court a motion to return property under Federal Rule of Criminal Procedure 41(e) and/or the general equitable jurisdiction of the federal courts. *See Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir.1975). In their motions, the movants contend that the search conducted by the FBI was unconstitutional and the seizure of their property illegal, thus necessitating that the property be returned. The government countered that not only was the search and seizure in question legal but that this Court did not have venue to consider the case. A hearing was scheduled for June 2, 1997 on the threshold issues of jurisdiction and venue.

Two working days prior to the June 2 hearing the government commenced an administrative forfeiture proceeding against the cash by sending a formal notice of forfeiture to the movants and others.[3] After the Court found at the June 2 hearing that jurisdiction and venue were proper in this district, the government moved to dismiss both matters on the grounds that the commencement of the administrative forfeiture served to divest this Court of jurisdiction over the civil equitable motions because the forfeiture provided the movants with an adequate remedy at law. A briefing schedule was established by the Court and the parties have since complied.

### Analysis

■ Considering the hybrid nature of Federal Rule of Criminal Procedure 41(e) and the concept of this Court's "general equitable jurisdiction", it is necessary to first determine the exact nature of the instant proceeding.[4] In this case, at this time, no indictment or bill of information has been returned against either of the movants. Additionally, no civil proceeding, merely an administrative proceeding, has been instituted against these movants. Therefore, at this juncture, the movants' motion must be considered a civil action brought in equity to recover property. *Purcell v. United States,* 908 F.2d 434, 437–8 (9th Cir.1990): *United States v. Mid–States Exchange,* 620 F.Supp. 358, 359 (D.S.D.1985).

■ The theoretical basis underlying the Court's jurisdiction to hear this equitable civil matter is the power of the Court to control the improper preparation of evidence which is to be used in a case coming before it and to restrain oppressive or unlawful conduct of its own officers. *United States v. Chapman,* 559 F.2d 402, 406 (5th Cir.1977). However, the decision to exercise this power and thus exert jurisdiction over a given matter is left to the sound discretion of the district court. *Richey,* 515 F.2d at 1243.

■ It is the equitable nature of the case which determines the analysis to be applied by the Court. Whether the matter is based on Rule 41(e) or the general equitable jurisdiction of the federal courts, all actions seeking the return of property are governed by equitable principles. *Industrias Cardoen, LTDA v. United States,* 983 F.2d 49, 50 (5th Cir.1993). Equitable principles require the Court to consider all of the facts involved along with the possible existence of irreparable harm to the movants and whether the movants have an adequate remedy at law. *Id.* at 51.

■ The government contends that the administrative forfeiture proceeding will and is providing the movants with an adequate remedy at law. In most circumstances in this circuit, a forfeiture proceeding does provide an adequate forum for the movants to contest the legality of a seizure and all other issues necessary for the resolution of this

---

**3.** The only property of the movants currently at issues is the monies seized by the FBI. The cash is the sole subject of the forfeiture proceeding. The Court understands that both movants have access to the remaining items seized and do not have an urgent need to have these items returned.

**4.** While the Court touched on this issue at the June 2, 1997 hearing, it is important to re–state this principle.

type of equity matter.[5] *Id.* at 52; *But see Hunt v. U.S. Department of Justice,* 2 F.3d 96 (5th Cir.1993) (state forfeiture proceeding did not provide an adequate alternative remedy under the facts presented). When an adequate remedy at law is available courts have and may dismissed motions for the return of property considering a court's natural hesitancy to exert its equity power. *See Industrias Cardoen, LTDA v. United States, supra.* However, the Court must be confident that the forum at law which is available will give the movants both a timely and adequate forum to assert their constitutional rights which are currently being raised in this equitable forum.

■ The movants in this matter have responded to the administrative forfeiture notices sent by the government and opted to contest the forfeiture in a judicial proceeding, if the government were to choose to file such a civil complaint against the *res:* the cash. The Court is confident that if a judicial civil forfeiture complaint is filed by the government against the cash the movants will have an adequate remedy at law and this matter could be dismissed. However, no such complaint has been filed.

The Court is aware of the complexity of this case but notes that the government has been in possession of the property for over thirty days, that a grand jury proceeding has been compiling evidence in this case for over thirty days and that an investigation has been under way in this matter for a number of months prior to April 1997. Therefore,

IT IS HEREBY ORDERED that these matters be STAYED for a period of thirty (30) days beginning on June 9, 1997.[6] The stay will be lifted on July 9, 1997.

If the government has not filed a judicial forfeiture complaint against the cash as of July 9, 1997 a hearing shall be held on July 11, 1997 at 10:00 a.m. to determine the status of the property and in conjunction with this hearing the parties shall submit to the Court their briefs on the matter along with witness lists and exhibit lists on or before July 10, 1997. If the government has filed a judicial forfeiture complaint the Court will consider whether the case should be dismissed as of July 9, 1997 and briefs on this point shall be submitted to the Court on or before July 11, 1997.

---

**5.** The Court notes that it agrees with those cases which have held that a forfeiture action does not automatically divest a Court of jurisdiction to hear a motion for the return of property. See *Floyd v. United States,* 860 F.2d 999 (10th Cir. 1988) and *In the Matter of Ninety–One Thousand Dollars in United States Currency,* 715 F.Supp. 423 (D.R.I.1989). Such a holding comports with the findings of this circuit in *Industrias Cardoen, LTDA v. United States,* 983 F.2d 49 (5th Cir. 1993).

**6.** This date represents the first Monday after the government received the movants' letter terminating the administrative forfeiture proceeding.