IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-10932
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VIRGINIA D. HATCH, also known as Virginia Dean Lassiter,
also known as Anne Elizabeth Thomas, also known as
Virginia Anna Riviana, also known as Virginia Anna Rivianna,
also known as Ginny Hatch, also known as Ginger Kuehn;
BILLY F. HATCH, also known as William Cable Lloyd, also
known as William Lloyd Cable, also known as William C. Lloyd,
also known as Lloyd W. Cable, also known as Richard B. Adams,
also known as David J. Vogel, also known as David B. Lassiter,
also known as Harry C. Wickles,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:98-CR-332-ALL-X)
--------------------
September 24, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

       Defendants-Appellants Virginia D. Hatch and her husband Billy

F. Hatch ("the Hatches") appeal from the district court's denial of

their (1) FED. R. CRIM. P. 41(e) motion for the return of property,

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) motion to withdraw the reference to the bankruptcy court, and (3) motion for reconsideration. We affirm.

Police unlawfully seized from Virginia Hatch a large quantity of stock certificates found in her car after a traffic stop. Even though the evidence was suppressed for purposes of criminal proceedings, the bankruptcy court ordered the assets turned over to the trustee for inclusion in the Hatches' bankruptcy estate. On appeal, the Hatches argue that these assets should have been returned to them when their suppression motion was granted. We disagree.

The closed criminal case was not the proper action in which to challenge the turnover of assets. The district court did not err in refusing to grant the Hatches' motion for return of the property. See Hendrick v. Avent, 891 F.2d 583, 585-87 (5th Cir. 1990); see also Industrias Cardoen, LTDA v. United States, 983 F.2d 49, 50 (5th Cir. 1993); Richey v. Smith, 515 F.2d 1239, 1243 (5th Cir. 1975). We also agree with the district court's conclusion that, given the Hatches' filing of a separate suit under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), they need not have been given an opportunity to amend their Rule 41(e) motion. See Pena v. United States, 157 F.3d 984, 986-87 (5th Cir. 1998).

The Hatches also insist that they were entitled to a mandatory withdrawal of the reference to the bankruptcy court. Again, we

disagree.  The Hatches have not demonstrated the elements of a mandatory withdrawal.  <u>See</u> 28 U.S.C. § 157(d).

AFFIRMED.  ALL OUTSTANDING MOTIONS ARE DENIED.

S:\OPINIONS\UNPUB\01\01-10932.0.wpd
4/29/04  2:23 pm

3