# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40169
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT L. HEDRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-715-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert L. Hedrick, federal prisoner # 94886-279, has applied for leave to appeal in forma pauperis (IFP) from the district court's denial of his motion to return property. We construe Hedrick's motion as a challenge to the district court's determination that his appeal has not been brought in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Because Hedrick's criminal proceedings had concluded before he filed the motion, it is considered a civil action under 28 U.S.C. § 1331. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). We construe the denial of relief in a motion for return of seized property under § 1331 as a grant of summary judgment in favor of the Government, *id.,* which we review de novo, *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper if the evidence shows that there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(a).

Hedrick does not dispute that some of his property was returned and that the remaining property was made available for retrieval. He contends only that the district court erred by denying his motion before he had an opportunity to respond to the Government's responses to his motion, and by determining that the district court judge, who had since been recused, did not issue an order compelling the return of his property. The record belies Hedrick's assertion that the district court judge issued such an order. Further, any error by the district court in denying the motion before Hedrick filed a response is harmless. *See Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1403 (5th Cir. 1993); FED. R. CIV. P. 61.

IT IS ORDERED that leave to appeal IFP is DENIED because Hedrick has failed to show that he will raise a nonfrivolous issue. The appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; *see also* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. §1915(g). *See Coleman v. Tollefson,* 135 S. Ct. 1759, 1763-64 (2015). We CAUTION Hedrick that if he accumulates three strikes

No. 15-40169

under § 1915(g) he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Hedrick's motion to strike the Government's brief is DENIED.

No. 15-40169

JAMES L. DENNIS, Circuit Judge, dissenting:

In my view, the majority errs in dismissing this pro se appellant's appeal as frivolous. As the majority notes (but fails to heed), the question before us is not whether Hedrick is ultimately likely to prevail on his claim but whether his appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Following the conclusion of his criminal proceedings, Hedrick filed a motion seeking, among other things, the return of personal property that the Government had seized from him but did not use as evidence at trial. Specifically, Hedrick sought to have the Government ship his property to a person of his designation at the Government's expense. Hedrick claimed that a prior district court judge had already ordered the return of his property. The Government responded that there was no such prior order, that it had already returned some of Hedrick's property, and that the remaining items are available for his retrieval at the Government's offices in Brownsville, Texas.

Four days after the Government filed its response, and before Hedrick even received it, the district court denied Hedrick's motion as moot. Apparently, the basis for the district court's decision was that Hedrick's property either had been returned or remained available for retrieval at the Government's offices and that no previous order to return the relevant property appeared in the record. Although Hedrick requested that the property be shipped to another person, the court also stated, in a footnote, that it would be inappropriate to ship the requested items to Hedrick because he was incarcerated. After Hedrick received the Government's response and the district court's order, he filed a reply. Among other things, Hedrick protested the district court's rendering of its order without affording him an opportunity

4

to respond to the Government's arguments, and he asserted a constitutional interest in the property that he claimed compelled its return, independently of any prior order by the district court.

As an initial matter, the district court erred in determining that Hedrick's motion was moot.  A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party," and "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (citations and internal quotation marks omitted). Whatever interest Hedrick has in having the Government ship his property to a person of his designation clearly was not mooted by the Government's return of only some of his property and the availability of the remainder for retrieval at the Government's offices. *See id.* at 669. Nor was such interest mooted by the apparent finding that the court had not previously ordered the return of the property. *See id.*  Because the personal interest Hedrick had in the outcome of this litigation at its commencement had not been extinguished by any subsequent circumstance, the case was not moot.  *See* ERWIN CHEMERINSKY, FEDERAL JURISDICTION 131 (6th ed. 2012) (citing *United States v. Parole Comm'n v. Geraghty*, 445 US 388, 397 (1980)).

As to Hedrick's substantive claims, the majority erroneously asserts that he his sole contention was that the district court erred by determining that a prior district court judge did not issue an order compelling the return of his property. In so doing, the majority ignores Hedrick's clear argument, both on appeal and below, that he has a constitutional interest that mandates the return of his property and his reference to authorities dealing with Federal Rule of Criminal Procedure 41(g), which governs motions to return property

while criminal proceedings are pending.[1]  *See* FED. R CRIM. P. 41(g) ("A person aggrieved . . . by the deprivation of property may move for the property's return."); *see generally Lowther v. United States*, 480 F.2d 1031 (10th Cir. 1973) (the Government's continued retention of seized property would constitute a taking without just compensation).

Hedrick's claim is not frivolous.  The majority correctly construes Hedrick's motion as a civil action under 28 U.S.C. § 1331.  *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).  Actions seeking the return of property under § 1331 are governed by equitable principles and are subject to the broad discretion of the district court.  *Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 (5th Cir. 1993).  In response to the Government's apparent contention that it fulfills any obligation to return Hedrick's property by making it available for retrieval at its Texas offices, Hedrick emphasizes that his incarceration prevents him from traveling to the Government's offices and that he has no ties to Texas and therefore has no one who can retrieve the property on his behalf from the Government's offices there.  Whether or not these assertions would have ultimately carried the day for Hedrick is beyond the scope of our inquiry, but these are surely valid equitable factors that warranted the district court's consideration.  Notably, neither the Government nor the majority cites any binding authority that forecloses Hedrick's claim for relief or establishes that property is in all cases "returned" when it is made available for pick-up in a place that the owner cannot access.

Whatever the majority might think about the merits of Hedrick's claim, he was entitled to the district court's exercise of discretion in deciding whether to grant his requested relief.  *See Industrias Cardoen*, 983 F.2d at 51.  It is not

---

[1] This reference is apt considering that this court has looked to Rule 41 to determine whether relief is appropriate in considering motions for the return of property under 28 U.S.C. § 1331.  *See, e.g., Peña v. United States*, 157 F.3d 984, 986-87 (5th Cir. 1998).

this court's place to conduct a trial de novo of Hedrick's claims or to substitute its views regarding the merits for the district court's discretion. Undeniably, the district court exercised no such discretion, as it deemed Hedrick's motion moot and therefore did not adjudicate his request to have his property shipped to a person of his designation at the Government's expense. This court therefore should not dismiss the appeal as frivolous but instead should grant Hedrick's motion to proceed in forma pauperis, reverse the district court's erroneous finding of mootness, and remand the case for further proceedings.

In dismissing Hedrick's appeal as frivolous, the majority ignores both Hedrick's actual claims and our mandate to allow an appeal that presents "legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). By so doing, the majority not only deprives Hedrick of his day in court but also exposes him to potential sanctions in the future without justification. I respectfully dissent.