JAMES L. DENNIS, Circuit Judge,
dissenting:
In my view, the majority errs in dismissing this pro se appellant’s appeal as frivolous. As the majority notes (but fails to heed), the question before us is not whether Hedrick is ultimately likely to prevail on his claim but whether his appeal “involves legal points arguable on their merits (and therefore not frivolous).” Howard v. King, 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citations omitted).
Following the conclusion of his criminal proceedings, Hedrick filed a motion seeking, among other things, the return of personal property that the Government had seized from him but did not use as evidence at trial. Specifically, Hedrick sought to have the Government ship his property to a person of his designation at the Government’s expense. Hedrick claimed that a prior district court judge had already ordered the return of his property. The Government responded that there was no such prior order, that it had already returned some of Hedrick’s property, and that the remaining items are available for his retrieval at the Government’s offices in Brownsville, Texas.
Four days after the Government filed its response, and béfore Hedrick even received it, the district court denied Hed-rick’s motion as moot. Apparently, the basis for the district court’s decision was that Hedrick’s property either had been returned or remained available for retrieval at the Government’s offices and that no previous order to return the relevant property appeared in the record. Although Hedrick requested that the property be shipped to another person, the court also stated, in a footnote, that it would be inappropriate to ship the requested items to Hedrick because he was incarcerated. After Hedrick received the Government’s response and the district court’s order, he filed a reply. Among other things, Hed-rick protested the district court’s rendering of its order without affording him an opportunity to respond to the Government’s arguments, and he asserted a constitutional interest in the property that he claimed compelled its return, independently of any prior order by the district court.
As an initial matter, the district court erred in determining that Hedrick’s motion was moot. A case becomes moot “only when it is impossible for a court to grant any effectual relief whatever to the prevailing party,” and “[a]s long as the parties have a concrete interest, however *487 small, in the outcome of the litigation, the case is not moot.” Campbell-Ewald Co. v. Gomez, — U.S. —, 136 S.Ct. 663, 669, 193 L.Ed.2d 571 (2016) (citations and internal quotation marks omitted). Whatever interest Hedrick has in having the Government ship his property to a person of his designation clearly was not mooted by the Government’s return of only some of his property and the availability of the remainder for retrieval at the Government’s offices. See id. at 669. Nor was such interest mooted by the apparent finding that the court had not previously ordered the return of the property. See id. Because the personal interest Hedrick had in the outcome of this litigation at its commencement had not been extinguished by any subsequent circumstance, the case was not moot. See Erwin Chemerinsky, Federal Jurisdiction 131 (6th ed.2012) (citing United States Parole Comm’n v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)).
As to Hedrick’s substantive claims, the majority erroneously asserts that he his sole contention was that the district court erred by determining that a prior district court judge did not issue an order compelling the return of his property. In so doing, the majority ignores Hedrick’s clear argument, both on appeal and below, that he has a constitutional interest that mandates the return of his property and his reference to authorities dealing with Federal Rule of Criminal Procedure 41(g), which governs motions to return property while criminal proceedings are pending.[1] See Fed. R Crim. P. 41(g) (“A person aggrieved ... by the deprivation of property may move for the property’s return.”); see generally Lowther v. United States, 480 F.2d 1031 (10th Cir.1973) (the Government’s continued retention of seized property would constitute a taking without just compensation).
Hedrick’s claim is not frivolous. The majority correctly construes Hedrick’s motion . as a civil action under 28 U.S.C. § 1331. See Clymore v. United States, 217 F.3d 370, 373 (5th Cir.2000). Actions seeking the return of property under § 1331 are governed by equitable principles and are subject to the broad discretion of the district court. Industrias Cardoen, Ltda. v. United States, 983 F.2d 49, 51 (5th Cir.1993). In response to the Government’s apparent contention that it fulfills any obligation to return Hedrick’s property by making it available for retrieval at its Texas offices, Hedrick emphasizes that his incarceration prevents him from traveling to the Government’s offices and that he has no ties to Texas and therefore has no one who can retrieve the property on his behalf from the Government’s offices there. Whether or not these assertions would have ultimately carried the day for Hedrick is beyond the scope of our inquiry, but these are surely valid equitable factors that warranted the district court’s consideration. Notably, neither the Government nor the majority cites any binding authority that forecloses Hedrick’s claim for relief or establishes that property is in all cases “returned” when it is made available for pick-up in a place that the owner cannot access.
Whatever the majority might think about the merits of Hedrick’s claim, he was entitled to the district court’s exercise of discretion in deciding whether to grant his requested relief. See Industrias Cardoen, 983 F.2d at 51. It is not this court’s place to conduct a trial de novo of Hedrick’s claims or to substitute its views regarding the merits for the district court’s discretion. Undeniably, the district court *488 exercised no such discretion, as it deemed Hedrick’s motion moot and therefore did not adjudicate his request to have his property shipped to a person of his designation at the Government’s expense. This court therefore should not dismiss the appeal-as frivolous but instead should grant Hedrick’s motion to proceed in forma pau-peris, reverse the district court’s erroneous finding of mootness, and remand the case for further proceedings.
In dismissing Hedrick’s appeal as frivolous, the majority ignores both Hedrick’s actual claims and our mandate to allow an appeal that presents “legal points arguable on their merits.” Howard, 707 F.2d at 220 (internal quotation marks and citations omitted). By so doing, the majority not only deprives Hedrick of his day in court but also exposes him to potential sanctions in the future without justification, I respectfully dissent.

. This reference is apt considering that this court has looked to Rule 41 to determine whether relief is appropriate in considering motions for the return of property under 28 U.S.C. § 1331. See, e.g., Peña v. United States, 157 F.3d 984, 986-87 (5th Cir.1998).